[Cite as *State v. Pendleton*, 2012-Ohio-3049.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | Case Nos.   11-CA-51 |
| RAYMOND PENDLETON | : | 11-CA-52 |
| | : | 11-CA-53 |
| Defendant-Appellant | : | |
| | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Court of Common
                                Pleas, Case Nos. 2008CR426 and
                                2008CR498


JUDGMENT:                       Dismissed


DATE OF JUDGMENT:               June 29, 2012


APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

BRIAN T. WALTZ                          ELIZABETH N. GABA
20 South Second Street                  1231 East Broad Street
4th Floor                               Columbus, OH  43205
Newark, OH  43055

*Farmer, J.*

{¶1} On June 27, 2008, the Licking County Grand Jury indicted appellant, Raymond Pendleton, on six counts of trafficking in drugs in violation of R.C. 2925.03, two counts of possession of drugs in violation of R.C. 2925.11, and one count of engaging in a pattern of corrupt activities in violation of R.C. 2923.32 (Case No. 08CR426). The indictment also included forfeiture and firearm specifications.

{¶2} On July 25, 2008, the Licking County Grand Jury indicted appellant on one count of intimidation in violation of R.C. 2921.03 and one count of retaliation in violation of R.C. 2921.05 (Case No. 08CR498).

{¶3} On January 14, 2009, appellant pled guilty to five of the trafficking counts and the forfeiture specification in Case No. 08CR426, and entered an *Alford* no contest plea on the retaliation count in Case No. 08CR498. The remaining counts and firearm specification were to be dismissed. By judgment entries filed same date, the trial court found appellant guilty of the retaliation count and sentenced appellant to an aggregate term of eleven years in prison on all counts. On February 26, 2009, the trial court filed a nunc pro tunc judgment entry to include a finding on the forfeiture specification.

{¶4} Appellant filed an appeal on March 27, 2009.

{¶5} On October 8, 2009, appellant filed with the trial court a motion for a final appealable order.

{¶6} On October 26, 2009, this court dismissed appellant's appeal, finding the order appealed from was not a final appealable order because pending counts were still before the trial court.

{¶7}   On October 30, 2009, appellee, the state of Ohio, nolled the remaining counts.

{¶8}   On July 16, 2010, the trial court denied appellant's motion for a final appealable order.  Appellant filed an appeal on July 29, 2010.  By opinion and judgment entry filed April 25, 2011, this court affirmed the trial court's decision, finding once the remaining counts were disposed of, the sentencing entries became final appealable orders.  *State v. Pendleton,* Licking App. Nos. 10 CA 81 and 10 CA 82, 2011-Ohio-2024.

{¶9}   On May 12, 2011, appellant filed three appeals on the trial court's January 14, 2009 and February 26, 2009 judgment entries.  These matters are now before this court for consideration.  Assignments of error are as follows:

I

{¶10}  "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT BY ACCEPTING THE POLICE STACKING OF CRIMINAL CHARGES WHICH VIOLATES R.C. §2935.03(A)(1), AND BY SENTENCING DEFENDANT CONSECUTIVELY BASED ON THESE ILLEGALLY STACKED CHARGES."

II

{¶11}  "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT BY ACCEPTING THE POLICE STACKING OF CRIMINAL CHARGES WHICH VIOLATES DEFENDANT'S DUE PROCESS RIGHTS UNDER THE OHIO CONSTITUTION AND THE 5TH AND 14TH AMENDMENTS AND VIOLATES HIS 8TH AMENDMENT RIGHTS, AND BY SENTENCING DEFENDANT CONSECUTIVELY BASED ON THESE UNFAIRLY STACKED CHARGES."

III

{¶12} "THE COURT ERRED TO THE PREJUDICE OF DEFENDANT AND DEFENDANT'S FIFTH AND SIXTH AMENDMENT RIGHTS WERE VIOLATED WHERE THE COURT ACCEPTED GUILTY PLEAS IN THIS CASE GIVEN UNDER THE INFLUENCE OF THE INEFFECTIVE ASSISTANCE OF COUNSEL."

IV

{¶13} "THE COURT ERRED TO THE PREJUDICE OF DEFENDANT BY ACCEPTING DEFENDANT'S GUILTY PLEAS, WHEN THE GUILTY PLEAS GIVEN IN THIS CASE WERE NOT KNOWINGLY, INTELLIGENTLY OR VOLUNTARILY GIVEN DUE TO THE FACT THAT THE PLEA FORM FAILED TO ADVISE THE DEFENDANT THAT THE MANDATORY SENTENCE IF ALL COUNTS WERE RUN CONSECUTIVELY WAS 11 YEARS, IN VIOLATION OF DEFENDANT'S 5TH AND 6TH AMENDMENT RIGHTS."

V

{¶14} "THE STATE FILED ALL ITS DISCOVERY IN THE COURT FILE, TO PROVIDE MATERIALS TO THE COURT FOR THE COURT TO RELY ON IN DETERMINING THE STATE'S AND DEFENDANT'S SUBSTANTIVE RIGHTS. THE DISCOVERY RECORD IS PRESENTED TO THE COURT TO INVOKE ITS POWER OR AFFECT ITS DECISIONS. THE COURT ERRED TO THE PREJUDICE OF DEFENDANT IN ACCEPTING THIS TACTIC OF THE STATE, BECAUSE THE STATE HAD MATERIALLY PREJUDICED ANY AND ALL ADJUDICATIVE PROCEEDINGS IN THE CASE FROM THE MOMENT IT FILED DISCOVERY."

VI

{¶15} "THE COURT ERRED TO THE PREJUDICE OF DEFENDANT WHEN THE JUDGE DID NOT RECUSE, AS THE SEARCH WARRANT RETURN WAS SIGNED BY THE JUDGE WHO PRESIDED OVER THE SUPPRESSION HEARING OF THE INVENTORIED FRUITS OF THAT RETURN AND THIS SAME JUDGE ULTIMATELY DECIDED THE SENTENCE OF THE DEFENDANT."

{¶16} Appellant's six assignments of error claim the matter is ripe for his direct appeal of his January 14, 2009/February 26, 2009 convictions.

{¶17} Appellant first filed an appeal on March 27, 2009.  This court, upon appellant's request for remand, dismissed the appeal, finding the order appealed from was not a final appealable order because pending counts were still before the trial court.

{¶18} On October 30, 2009, the trial court dismissed the outstanding counts. With the perfection of a final appealable order on October 30, 2009, appellant pursued an appeal in Case Nos. 10 CA 81 and 10 CA 82, citing the following assignments of error:

{¶19} "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT'S SUBSTANTIVE AND PROCEDURAL DUE PROCESS RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION AND ARTICLE ONE SECTION SIXTEEN OF THE OHIO CONSTITUTION BY SUMMARILY DISMISSING THE APPELLANT'S 'MOTION FOR A FINAL APPEALABLE ORDER'. THERE IS NO VALID 'FINAL ORDER' IN THE APPELLANT'S CRIMINAL CASES 426 AND 498."

{¶20} "II. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT'S SUBSTANTIVE AND PROCEDURAL DUE PROCESS RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION AND ARTICLE ONE SECTION SIXTEEN OF THE OHIO CONSTITUTION BY SUMMARILY DISMISSING THE APPELLANT'S 'MOTION FOR A FINAL APPEALABLE ORDER'. THE STATE DID NOT DISPOSE OF APPELLANT'S REMAINING COUNTS IN OPEN COURT, THUS, THEY REMAIN PENDING AND THERE IS NO FINAL APPEALABLE ORDER."

{¶21} "III. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT'S SUBSTANTIVE AND PROCEDURAL DUE PROCESS RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION AND ARTICLE ONE SECTION SIXTEEN OF THE OHIO CONSTITUTION BY FAILING TO PREPARE AND JOURNALIZE A FINAL ENTRY WITHIN THIRTY DAYS IN VIOLATION OF RULE 7 OF THE RULES OF SUPERINTENDENCE, CIVIL RULE 58, AND CRIMINAL RULE 32. APPELLANT IS ENTITLED TO BE DISCHARGED FROM IMPRISONMENT."

{¶22} "IV. THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT APPELLANT, AS IT WAS WITHOUT AUTHORITY TO SENTENCE THE DEFENDANT TO FIVE YEARS OF POST RELEASE CONTROL, AS SUCH, SAID SENTENCE IS VOID AS A MATTER OF LAW AND MUST BE CORRECTED UNDER R.C. §2929.191."

{¶23} By opinion and judgment entry filed April 25, 2011, this court affirmed the appeals. *State v. Pendleton,* Licking App. Nos. 10 CA 81 and 10 CA 82, 2011-Ohio-

2024. Appellant now argues he is perfecting his direct appeals. We find this position to be in error for the following reasons.

{¶24} With the dismissal of the outstanding counts on October 30, 2009, the matter was ripe for direct appeal at that time.

{¶25} "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is***[a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment[.]" R.C. 2505.02(B)(1).

{¶26} Despite having a final order on October 30, 2009, appellant did not file an appeal until July 29, 2010 and argued in Case Nos. 10 CA 81 and 10 CA 82 (oral argument heard on March 10, 2011) that there was no final appealable order, and also argued a sentencing issue in Assignment of Error IV. This appeal was appellant's direct appeal. After this court affirmed his convictions, appellant filed three appeals, claiming to be appealing the original 2009 convictions.

{¶27} Appellant cannot have two bites of the apple without requesting an App.R. 26(B) appeal or requesting a delayed appeal. Neither request was made to this court.

{¶28} Upon review, we conclude we lack jurisdiction to decide the assignments of error presented sub judice.

{¶29}  Based upon the foregoing, the appeals are dismissed.

By Farmer, J.

Hoffman, P.J. and

Wise, J. concur.


s/ Sheila G. Farmer_____


s/ William B. Hoffman_____


s/ John W. Wise_____

JUDGES


SGF/sg 614

[Cite as *State v. Pendleton*, 2012-Ohio-3049.]

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO

FIFTH APPELLATE DISTRICT


STATE OF OHIO                          :
                                       :
    Plaintiff-Appellee             :              JUDGMENT ENTRY
                                       :
-vs-                                   :
                                       :
RAYMOND PENDLETON                      :              Case Nos.   11-CA-51
                                       :                          11-CA-52
    Defendant-Appellant            :                          11-CA-53


For the reasons stated in our accompanying Memorandum-Opinion, the appeals are dismissed.  Costs to appellant.


s/ Sheila G. Farmer_____


s/ William B. Hoffman_____


s/ John W. Wise_____

JUDGES